IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EVAN HOOBLER,

        Plaintiff,

v.                                                                         Case No. 23-2055-JWB

HARBOR FREIGHT TOOLS USA, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 8.) The motion is fully briefed and is ripe for decision. (Docs. 9, 11, 12.) For the reasons stated here, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I. Facts**

The following facts are taken from Plaintiff's complaint and are assumed to be true for purposes of deciding the motion to dismiss.

Plaintiff is a resident of Kansas. He purchased a Warrior brand 4-inch "Cut-Off Wheel" (hereinafter "the product" or "the wheel") from one of Defendant's stores in Oklahoma. The wheel is an organic bonded abrasive wheel used to cut metal or concrete when attached to a power tool such as an angle grinder or chop saw. The product was manufactured, produced, distributed and/or sold by Defendant. (Doc. 1 at 1.)

On February 25, 2021, a few weeks after the purchase, Plaintiff was injured in Independence, Kansas, while using the product. Plaintiff was using the product as instructed by

Defendant to cut metal when it failed, cracked, and exploded into multiple pieces, severely injuring Plaintiff's finger and causing him to suffer permanent injuries. (*Id.* at 9.)

The product is characterized as an organic bonded abrasive wheel because it is comprised of abrasive materials (aluminum oxide) that are bonded together with resin. The resin is an organic material that degrades over time "and thus leads to the product expiring and failing, without the consumer's knowledge." (*Id*. at 2.) The resin absorbs moisture and becomes weak "within a few short years of manufacture." (*Id.*) Defendant also manufactures the product with a polymer compound that is subject to oxidation, which causes it to degrade and become brittle "within a few short years of manufacture." (*Id.*) Defendant "omits these material facts from its consumers, refusing to put them on the packaging or labeling," "fails to provide an adequate warning that the product has an expiration date," and "fails to include an expiration date on the label." (*Id*. at 2.) Plaintiff alleges that the product was made of material that expired. (*Id.* at 3.) As a result of being made with material that expired, the product has a shelf life or expiration date after which it becomes too brittle and/or weak to safely and reliably use. Plaintiff alleges the product is thus defective and unreasonably dangerous. (*Id.* at 7.)

Plaintiff alleges that other manufacturers of similar products put expiration dates on their products and warn about the danger of using them past the expiration date. (*Id.* at 2-4.) Plaintiff further alleges that the Federation of European Producers of Abrasives (FEPA) establishes an industry standard for expiration date or shelf-life date for use of three years, and that United States manufacturers of abrasive wheels recognize the FEPA standard as an industry standard. (*Id.* at 4.) Despite this, Defendant has no system to warn consumers about the expiration date or that instructs its stores or employees to remove expired abrasive wheels from the shelves. Plaintiff alleges that the omissions and defects described in the complaint caused Plaintiff's injuries and subject

consumers to an unreasonable risk of injury or death because abrasive wheels used after their expiration date fail and cause serious injury. (*Id.* at 5.) Plaintiff alleges the product was not fit for the ordinary purpose for which such products are used and cannot safely or reliably be used because they contain defective material which expires, and there is no way for a reasonable consumer to know that the products expire, when they expire, or whether they have already expired. (*Id.* at 9.) Plaintiff alleges that unbeknownst to him, the product failed because it was expired, and Defendant omitted or concealed this information from Plaintiff. (*Id.*) Plaintiff alleges he would not have used the product, and would not have been injured, had the product had a warning about expiration and not to use the product after the expiration date.

The complaint alleges this court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. It alleges that Defendant committed a tortious act within the state of Kansas. (*Id.* at 7.) Count I asserts a claim under the Kansas Consumer Protection Act (KCPA). Count II alleges a claim for "strict liability in tort" based on a failure to warn. Count III alleges negligence. Count IV alleges a breach of implied warranty.

Defendant moves to dismiss all claims, arguing the complaint "contains little more than threadbare allegations and recitations of the elements" of a cause of action, and further that the complaint fails to adequately allege causation. (Doc. 9 at 1.) Defendant next contends the KCPA claim fails because the consumer transaction took place in Oklahoma. (*Id.* at 1-2.) Finally, Defendant argues that because all product liability claims, regardless of theory, are merged into one claim under the Kansas Product Liability Act (KPLA), Plaintiff's separate counts "should be dismissed and/or merged into a single product liability claim…." (*Id.* at 2.)

**II. Standards**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III. Analysis**

1. <u>KCPA Claim</u>. Plaintiff concedes that the KCPA does not apply because he purchased the product in Oklahoma. (Doc. 11 at 7.) The court accordingly grants the motion to dismiss as to the KCPA claim (Count I).

2. <u>Whether the product liability allegations state a claim</u>. After reviewing the standards of *Iqbal* and its progeny, and applying them to the allegations in the complaint, the court concludes Defendant's motion to dismiss Plaintiff's product liability claims should be denied.

"Under Kansas law, a product may be defective as to its manufacture, its design, or in the instructions or warnings that accompany the product." *Myrick v. Husqvarna Pro. Prod., Inc.*, 508 F. Supp. 3d 846, 864 (D. Kan. 2020) (citing *Delaney v. Deere & Co.*, 268 Kan. 769, 774, 999 P.2d 930, 936 (2000)). "To establish a prima facie case based on negligence or strict liability in a products liability case, [the] plaintiff must produce evidence to establish three elements: (1) the injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left [the] defendant's control." *Id.* (quoting *Messer v. Amway Corp.*, 210 F. Supp. 2d 1217, 1227 (D. Kan. 2002) (citing *Jenkins v. Amchem Prods.,*

*Inc.*, 256 Kan. 602, 630, 886 P.2d 869, 886 (1994)). "Regardless of the theory upon which recovery is sought, 'a plaintiff must prove that a defect in the product caused his injury.'" *Id.* (citing *Wurm v. Ford Motor Co.*, No. 18-CV-2322-HLT, 2020 WL 1547852, *10 (D. Kan. 2020) (citing *Voekel v. Gen. Motors Corp.*, 846 F. Supp. 1468, 1475 (D. Kan. 1994)).

Plaintiff's allegations, even if they are perhaps not a model of organization and clarity, provide adequate factual support for each of the prima facie components of a products liability claim under Kansas law. The first prima facie element requires a showing that the injury resulted from a condition of the product. The complaint adequately alleges that the injury to Plaintiff's finger was caused because the produce was made from "expired" materials about which Plaintiff had not been warned by Defendant. The complaint also alleges that the product was made with "material that expired, as described above," and it referred to allegations about the product being made with a resin that degrades and deteriorates over time due to absorption of moisture, "and thus leads to the product expiring and failing…." (Doc. 1 at 2.) Plaintiff allegedly used the product "as instructed by Defendant," but "it failed, cracked, and exploded into multiple pieces" because "it was expired" and Defendant "omitted and/or concealed this material information from Plaintiff." (*Id.* at 9.)  These allegations, taken as true for purposes of the motion, are sufficient to provide support for the first prima facie element.

The second prima facie element requires a showing that the condition was an unreasonably dangerous one. Again, the court finds the allegations are sufficient to adequately support this element. In addition to the foregoing allegations, the complaint further asserts that the product is unreasonably dangerous, that the products "cannot be safely or reliably used because they contain defective material which expires," that "[t]here is no way for a reasonable consumer to know that these products expire" or when they expire, that Defendant failed to warn Plaintiff about expiration

5

of the materials "and that [the product] would crack, split, splinter, warp, explode and otherwise fail and become dangerous and cause injury," and that these characteristics made the product "defective and unreasonably dangerous when put to the use reasonably anticipated by Defendant." (*Id.* at 14-15.) These allegations are sufficient to plausibly state a claim that the product is unreasonably dangerous. The court similarly finds that the third prima facie element of a product liability claim has adequate factual support in the allegations of the complaint. The third element requires a showing that the defective condition existed at the time the product left Defendant's control. As an initial matter, Plaintiff clearly alleges that the materials in the product he bought were "expired" (or, as elsewhere explained in the complaint, degraded) at the time he purchased the product. Additionally, Plaintiff alleges that the design was defective and that Defendant failed to warn of the dangers of the product, both of which are defects that allegedly existed at the time of purchase. In sum, Plaintiff has sufficiently alleged facts to support a claim of product liability under Kansas law.

Defendant contends the allegations fail to state a claim, among other reasons, because "there are no facts … to support the allegation that the Product was expired" at the time Plaintiff bought or used it. (Doc. 9 at 7.) Defendant further argues the allegation cannot be supported because Plaintiff "admits that he … 'had no way of knowing when the products expired, including whether the products had already expired when purchased and used….'" (*Id.*)  This "catch-22" argument is not persuasive. It is true that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' do not count as well-pleaded facts." *See Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). But Plaintiff has adequately alleged that the materials in the product he purchased had "expired" (or degraded, as the complaint elsewhere explains) and that Defendant's failure to warn about the expiration of

6

those materials prevented him from discovering the defect in the product. Similarly unpersuasive is Defendant's argument that Plaintiff's allegations of causation are too conclusory to support a claim. Determining whether a complaint contains well-pleaded facts sufficient to state a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679). To state a plausible claim for relief, a complaint "must give just enough factual detail to provide 'fair notice of what the … claim is and the grounds upon which it rests.'" *Id.* (citations omitted.) Plaintiff's complaint has provided enough factual detail to appraise Defendant of the basis of the allegation of causation of his injury and the grounds upon which his claims rest.

3. <u>KPLA merger or dismissal of claims</u>. Defendant lastly contends that all product liability claims under Kansas law, regardless of theory, are merged into one product liability claim under the KPLA, and as a result Plaintiff's three product liability counts "should be dismissed, or minimally consolidated into one claim under the KPLA." (Doc. 9 at 14). As Plaintiff points out, under the KPLA a product liability claim means "any claim or action brought for harm caused by … the product," and includes "any action based on … strict liability in tort, negligence, breach of express or implied warranty, … failure to … warn or instruct, … or under any other substantive legal theory." K.S.A. 60-3302(c). Plaintiff concedes that Counts II, III, and IV alleging strict liability, negligence, and breach of implied warranty "are merged in the sense that the KPLA applies equally to each one," but contends that nothing compels them to be merged into a single count. (Doc. 11 at 8-9.) The court agrees. These counts all fall within the scope of the KPLA and obviously would not allow Plaintiff to recover duplicative damages if he were to prevail under more than one theory. But the court finds no requirement that all product liability theories must be

7

asserted in a single count of the complaint. *Cf.* Fed. R. Civ. P. 8(d)(2) ("A party may set out [two] or more statements of a claim … alternatively …, either in a single count or … in separate ones.")

**IV. Conclusion**

Defendant's motion to dismiss (Doc. 8) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to Count I, Plaintiff's KCPA claim, and Count I is hereby DISMISSED. The motion to dismiss is DENIED in all other respects. IT IS SO ORDERED this 25th day of August, 2023.

                                                        _____s/ John W. Broomes_____
                                                        JOHN W. BROOMES
                                                        UNITED STATES DISTRICT JUDGE